UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE, et.al.,<br><br>  Defendants. | CV F- 05-1614 LJO DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed April 26, 2007, after his original complaint was dismissed with leave to amend.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names John Doe, an eye doctor at Corcoran State Prison as the only defendant in this action. Plaintiff claims that upon arrival at Corcoran State Prison in July 2001, he had his eyes checked and received glasses. The doctor also prescribed eye drops. Plaintiff states that in 2003, he was told he had glaucoma and that he has since received four different pairs of glasses. Plaintiff claims his eyes are "not getting any better but are worse off."

Plaintiff's allegations are insufficient to state a cognizable claim for violation of his constitutional rights pursuant to section 1983.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to

establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Although neither a physician's negligence nor a prisoner's disagreement with a particular course of treatment states a claim for deliberate indifference, a prison medical staff's acts or omissions will constitute deliberate indifference if staff members knew of and disregarded an excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed."  Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner."  Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per curium)(reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior

physician was severely delayed, court was unable hold doctors liable because prison administrators, not the doctors, were responsible for scheduling treatment).

The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990)(finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)(recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

Plaintiff's allegations do not rise to the level of deliberate indifference. Plaintiff acknowledges that he is receiving treatment for his eyes. While his vision may be deteriorating, he has not been denied medical care or treatment. That plaintiff disagrees with, or is unhappy with his medical care is not sufficient to state a claim for violation of his constitutional rights. Because plaintiff has failed to allege facts which state a cognizable claim, the Court finds it necessary to dismiss the complaint in its entirety.

In summary, the Court finds that plaintiff's amended complaint, like his original complaint, fails to state any cognizable claims for relief and therefore should be dismissed. In recommending dismissal, the Court recommends that plaintiff not be granted leave to amend again because he was previously given the opportunity to file an amended complaint, and he was unable to cure the

deficiencies. Accordingly, the Court HEREBY RECOMMENDS that plaintiff's amended complaint be dismissed without leave to amend, concluding this action in its entirety.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 29, 2007**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE